KC Bean (California Bar No. 226287)
Bean Law Office
2404 Margie Way
Vista, CA 92084
760 940-0761
kcbean@beanlawoffice.com

Attorney for Claimant
Lifecore Fitness, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lifecore Fitness, Inc.,<br><br>          Plaintiff,<br><br>     vs.<br><br>Fitness Blowout, Inc., James Rosen, and Does<br>1 - 10<br><br>          Defendants | Case No.: **'16 CV 1828 MMA WVG**<br><br>COMPLAINT FOR TRADEMARK<br>(1) INFRINGEMENT UNDER 15 U.S.C. §§<br>1114 AND 1125(a);<br>(2) TRADEMARK DILUTION UNDER 15<br>U.S.C. § 1125(a);<br>(3) UNFAIR COMPETITION AND FALSE<br>ADVERTISING UNDER 15<br>U.S.C. § 1125(a);<br>(4) UNFAIR COMPETITION AND FALSE<br>ADVERTISING UNDER CAL. BUS. &<br>PROF. CODE §§ 17200 and 17500, ET SEQ;<br>(5) CONTRIBUTORY TRADEMARK<br>INFRINGEMENT; AND<br>(6) VICARIOUS TRADEMARK<br>INFRINGEMENT. |

1.  Plaintiff Lifecore Fitness, Inc. (hereinafter "Plaintiff"), complains and makes the following

allegations against Defendants Fitness Blowout, James Rosen and Does 1-10 (collectively

"Defendants").

- 1 -
COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

PARTIES

2.  Plaintiff, Lifecore Fitness, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 5803 Newton Drive, Suite B, Carlsbad, California 92008.

3.  On information and belief, Defendant Fitness Blowout ("Fitness Blowout") is a corporate entity, with its principal place of business at 10780 Santa Monica Boulevard, Suite 320, Los Angeles, CA 90025

4.  On information and belief, Defendant James Rosen is and individual residing in California, and he owns and operates Fitness Blowout along with numerous other websites including, but not limited to, the website www.fitnessblowout.com

5.  Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10. On information and belief, Does 1-10 are unlawfully and unfairly using, without authorization, Plaintiff's "LIFECORE FITNESS®" "DIAMONDBACK®" and "ASSAULT®" trademarks, and confusingly similar variations thereof, in connection with websites and other forms of on-line advertising that promote, market, and sell fitness equipment. Plaintiff will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

JURISDICTION AND VENUE

6.  This Court has jurisdiction over all causes of action asserted herein pursuant the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

- 2 -
COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

7. The amount in controversy between the parties exceeds $75,000.

8. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused Lifecore Fitness products to be advertised and promoted in this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district

9. This Court has jurisdiction over the Defendant Rosen because the Defendant is a California resident within this judicial district.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendants have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused Lifecore Fitness products to be advertised and promoted in this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

## FACTUAL ALLEGATIONS

### LIFECORE FITNESS'S Business and the Trademarks

11. Plaintiff is a leading manufacturer of fitness equipment, including recumbent bikes, indoor cycles, air resistance exercise bikes, rowing machines, elliptical machines, treadmills, and others. Plaintiff's award-winning products are enormously successful and are used by individuals, corporations, non-profits, government agencies, and schools across the United States and around the world.

12. Since at least as early as March 1, 2004, Plaintiff has continuously used the highly distinctive trademark LIFECORE FITNESS® to market and sell certain of its fitness products throughout the United States and the world.

- 3 -
COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

13. Since at least as early as July 25, 2013, Plaintiff has continuously used the highly distinctive trademark ASSAULT® to market and sell certain of its fitness products throughout the United States and the world.

14. Accell North America, Inc., and its affiliate companies, acquired from Raleigh American, Inc. all ownership interest of registrations for the mark DIAMONDBACK® in numerous product categories and jurisdictions worldwide.

15. On January 16, 2012, Plaintiff entered an agreement with Raleigh America, Inc. to become the exclusive, worldwide licensee of the DIAMONDBACK® mark, and since that date Plaintiff has continuously used the highly distinctive trademark DIAMONDBACK® to market and sell certain of its fitness products throughout the United States and the world.

16. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the LIFECORE FITNESS®, DIAMONDBACK®, and ASSAULT® marks and the products offered thereunder.

17. As a result of Plaintiff's efforts, the public has come to recognize and rely upon the LIFECORE FITNESS®, DIAMONDBACK®, and ASSAULT® marks as an indication of the high quality associated with Plaintiff's fitness products.

18. On April 25, 2006, the United States Patent & Trademark Office ("PTO") issued to Plaintiff U.S. Trademark Registration No. : 3,084,942 for the mark "LIFECORE FITNESS" in connection with "Exercise machines." A true and correct copy of this registration is attached as Exhibit A.

19. On April 15, 2014, the United States Patent & Trademark Office ("PTO") issued to Plaintiff U.S. Trademark Registration No. : 4,513,952 for the mark "ASSAULT" in connection with "Physical fitness equipment, namely, stationary resistance bikes." A true and correct copy of this registration is attached as Exhibit B.

20. On February 24, 2004, the United States Patent & Trademark Office ("PTO") issued U.S. Trademark Registration No. : 2,817,402 for the mark "DIAMONDBACK" in connection with

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

"exercise equipment, namely, stationary cycles, stair-stepping machines (( and treadmills ))." A true and correct copy of this registration is attached as Exhibit C.

21. Each referenced registration is in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® marks throughout the United States.

22. In addition to its own advertising efforts, Plaintiff has been the subject of many unsolicited stories in national publications and television programs such as *Consumer Reports*, *The New York Times, Wall Street Journal, The Washington Post, Fortune, USA Today, The Ellen Show, and The Today Show,* highlighting the quality and popularity of Plaintiff's products.

23. As a result of Plaintiff's long-term and widespread use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® marks in the United States via Internet, television, radio, and print advertising, and continuous and unsolicited media coverage, the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® marks enjoys a high degree of consumer recognition and have become well known.

### Unauthorized Use of Trademarks in Internet Advertising

24. On information and belief, Defendant Rosen is the owner or a majority equity owner of the website www.fitnessblowout.com, where numerous brands of fitness equipment are promoted and sold in direct competition with Plaintiff's products.

25. In order to increase sales of fitness products that are not manufactured by Plaintiff, Defendants engage in a number of activities that infringe, dilute, and tarnish Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and that constitute false advertising and unfair competition. For example, Defendants lists on www.fitnessblowout.com and promotes for sale Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® products, even though Defendants have no inventory of Plaintiff's products or ability to obtain such products. Further, when consumers inquire with Defendants about the purchase of Plaintiff's product because of the Defendants use of

Plaintiff's marks, Defendant promotes and sells the consumer a product other than the Plaintiff's fitness products.

26. Defendants purchase and use, without authorization, Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, or confusingly similar variations thereof, as a "keyword" in several Internet keyword advertising programs, including Google's AdWords program and Yahoo!'s  Marketing Solutions program. As a result, when a consumer types in "LIFECORE", "DIAMONDBACK", "ASSAULT" or a similar variation, as a search term on the Google and Yahoo! Internet search engines, the consumer is confronted with a list of advertisements from Defendants that either directly offer Plaintiff's products or purport to offer information and reviews of Plaintiff's products. A true and correct copy of Google search results for the terms "LIFECORE FITNESS", "DIAMONDBACK FITNESS", and "ASSAULT AIR BIKE" on July 8, 2016 are attached as Exhibit D.

27. Defendants also routinely use Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations thereof, in the header and text of the resulting sponsored links that appear when one types in the terms "LIFECORE FITNESS", "DIAMONDBACK FITNESS", and "ASSAULT AIR BIKE" or a variation thereof as a search term in an Internet search engine. Consumers who click the links in such advertisements, in the hopes of purchasing Plaintiff's products, are taken to websites operated by Defendants that instead offer competing products from Plaintiff's.

28. Defendants also often portray false and misleading information about Plaintiff's products, which is intended to confuse consumers and persuade them to purchase competing fitness products instead of Plaintiff's, essentially a bait and switch. As noted, Defendant's presents Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks on Defendants' website www.fitnessblowout.com. Defendants aggressively encourage consumers viewing the website to call a phone number or participate in a chat dialog with Defendant's customer service staff. When the consumer engages Defendants in a call or chat to inquire about Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® products, Defendants indicate to the consumer that a better value is provided by the product of a competitor of Plaintiff, and then Defendant sells to the consumer such competitive product.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

29. Defendants never intended to sell Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® branded product, because Defendants never possessed inventory of Plaintiff's products and knew it could not acquire any of Plaintiff's products.

30. Defendants' unauthorized use of Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® marks, and confusingly similar variations thereof, as keywords and in the header and text of the resulting sponsored links, is likely to confuse, mislead, and deceive consumers as to the source of products available through the Defendants' websites. Moreover, the false statements and purported "comparison reviews" provided by the Defendants are likely to mislead consumers as to the quality and characteristics of genuine LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® products.

31. On information and belief, Defendant Rosen knows or should know that the Fitness Blowout is engaging in all of the activities alleged in this Complaint, and that the activities of the Defendants serve to confuse and lure potential Lifecore customers to websites used by Defendants for the purpose of promoting and selling products from competitive fitness equipment makers.

32. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendants' use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks or any variations thereof in connection with the manufacture, marketing, or sale of any products or services.

33. On information and belief, Defendants' actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks.

34. The fitness products that Defendants are marketing and selling are offered through the same channels of distribution and to the same target customers as Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® fitness products.

35. Plaintiff, on or about March 15, 2016 and June 6, 2016, sent demand letters to Defendant Rosen in care of Fitness Blowout informing them of Plaintiff's valuable trademark rights and demanding that they cease all use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

36. As of the date of this Complaint, Defendants continue to use without authorization the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations of the marks. Defendants' failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against all Defendants)

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 36 of this Complaint as if set forth in full herein.

38. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the LIFECORE®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell fitness products throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

39. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

40. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of fitness products, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

## SECOND CAUSE OF ACTION

### (Federal Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)

41. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 40 of this Complaint as if set forth in full herein.

42. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the famous LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations thereof, in commerce to advertise, market, and sell fitness products throughout the United States including California, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

43. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. 1125(c).

44. On information and belief, the actions of Defendants described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of fitness products, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) against all Defendants)

45. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 44 of this Complaint.

46. Defendants' actions described above and specifically, without limitation, Defendants' use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

confusingly similar variations thereof, in commerce to advertise, market, and sell fitness products throughout the United States including California; their use of misleading "comparison reviews", telephone and chat communications with consumers; their misrepresentations regarding Lifecore Fitness's products; and Defendants inducement of customers to purchase competitive fitness products constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

47. Consumers are likely to be misled and deceived by Defendants' representations regarding Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® products.

48. Defendants knew or should have known that their statements regarding Plaintiff's LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® products were false or likely to mislead.

49. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

50. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants on sales of fitness products, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### FOURTH CAUSE OF ACTION

### (Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 et seq. against all Defendants)

51. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 50 of this Complaint as if set forth in full herein.

52. Defendants' actions described above and specifically, without limitation, Defendants' use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations thereof, in commerce to advertise, market, and sell fitness

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

products throughout the United States and California; their use of misleading "comparison reviews"; their misrepresentations regarding Plaintiff's fitness products; and Defendants knowledge, participation, and inducement thereof, constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

53. By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq., and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

54. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

## FIFTH CAUSE OF ACTION

### (Contributory Trademark Infringement against Fitness Blowout and Rosen

55. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 54 of this Complaint.

56. The actions of Defendants described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations thereof, in commerce to advertise, market, and sell fitness products throughout the United States and California, constitute contributory trademark infringement in violation of federal law and the common law of the State of California.

57. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and injury to Plaintiff's business.

58. On information and belief, the actions of Defendants described above were and continue to be deliberate and willful.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

### SIXTH CAUSE OF ACTION

### (Vicarious Trademark Infringement against Fitness Blowout and Rosen

59. Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1- 58 of this Complaint.

60. The actions of Defendants described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and confusingly similar variations thereof, in commerce to advertise, market, and sell fitness products throughout the United States and California, constitute vicarious trademark infringement in violation of federal law and the common law of the State of California. Defendants each have the ability to control the actions of the Affiliate Defendants, fund the advertising activities of the Affiliate Defendants, and derive a direct financial benefit from the illegal acts of the Affiliate Defendants

61. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, and injury to Plaintiff's business.

62. On information and belief, the actions of Defendants described above were and continue to be deliberate and willful.

PRAYER

63. WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

64. A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 et seq.; and federal law and California common law of contributory trademark infringement and vicarious trademark infringement; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

65.        1. using the LIFECORE FITNESS®, DIAMONDBACK FITNESS® and ASSAULT® marks, or any mark confusingly similar to the LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, in connection with the marketing, promotion, advertising, sale, or distribution of any fitness products, extended warranties or services;

66.        2. directly or indirectly engaging in false advertising or promotions of any fitness products;

67.        3. making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of fitness products by making false representations regarding Plaintiff's fitness products;

68. B.      That Defendants file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

69. C.      That Defendants be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Lifecore Fitness products bearing LIFECORE FITNESS®, DIAMONDBACK® and ASSAULT® trademarks, including without limitation:

70.        1.      the sending of a registered letter (with a copy to Plaintiff) to all internet search engines, including but not limited to, Google, Bing and Yahoo!, requesting that Defendants' keyword advertising and sponsored advertisements be removed from their search engines;

71.        2.      the placement of corrective advertising on Defendants' websites informing consumers of their prior misrepresentations regarding Plaintiff's products;

72.        3.      the removal of all false and misleading "comparison reviews" of Plaintiff's product from Affiliate Defendant websites;

73. D.      That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

representations of fact that misrepresent the nature, quality and characteristics of Plaintiff's fitness products;

74. E.      That Defendants be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

75. F.      That Defendants be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.;

76. G.      That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' false and misleading statements;

77. H.      That Plaintiff be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

78. I.      That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. §  1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

79. J.      That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 et seq. and contributory trademark infringement and vicarious trademark infringement under federal law and California common law;

80. K.      That Plaintiff be granted prejudgment and post judgment interest;

81. L.      That Plaintiff be granted costs associated with the prosecution of this action; and

82. M.      That Plaintiff be granted such further relief as the Court may deem adequate.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

DATED: July 15, 2016

BEAN LAW OFFICE

s/KC Bean
Attorney for Plaintiff
kcbean@beanlawoffice.com

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: July 15, 2016

BEAN LAW OFFICE

s/KC Bean
Attorney for Plaintiff
kcbean@beanlawoffice.com

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE OR MISLEADING ADVERTISING, ETC.